WO                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Albert Courtright, III, | No. CV 18-00406-TUC-RM (JR) |
| Petitioner, | |
| v. | **ORDER** |
| Complex Warden-USP Tucson, | |
| Respondent. | |

Petitioner Carl Albert Courtright, III, who was then-confined in the United States Penitentiary in Tucson, Arizona ("USP-Tucson"),[1] filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody.  (Doc. 1.)[2]  On February 27, 2020, the Court dismissed the Petition and entered judgment after concluding that Petitioner had not shown that a remedy under 28 U.S.C. § 2255 was ineffective or unavailable under § 2255(e).  (Doc. 9.)  Petitioner appealed to the Ninth Circuit Court of Appeals, which granted a certificate of appealability as to Ground Two of the Petition, and appointed counsel, Assistant Arizona Federal Public Defender Daniel Kaplan.[3]  While the appeal was pending, Petitioner filed a Motion to enforce Rule 23(a) of the Federal Rules

---

[1] According to the Federal Bureau of Prisons website, Petitioner is currently confined at USP-Terre Haute.  *See* https://www.bop.gov/inmateloc/, Search Register Number 07860-025 (last accessed May 23, 2023).

[2] All citations refer to the docket and page numbers generated by the Court's Case Management/Electronic Case Filing system.

[3] In Ground Two, Petitioner challenged application of 18 U.S.C. § 3559(e) to him.

of Appellate Procedure to prevent his transfer to an Indiana penitentiary. (Doc. 16.) This Court denied the Motion, finding that an unauthorized change in custody does not divest the appellate court of jurisdiction over a pending habeas corpus appeal and that petitioner had not demonstrated that his transfer would prejudice his ability to obtain habeas corpus relief. (Doc. 18.)

On February 22, 2022, the Ninth Circuit issued a memorandum decision reversing and remanding denial of relief on Ground Two based upon *Mathis v. United States*, 136 S. Ct. 2243, 2252-53 (2016).[4]  *Courtright v. Von Blanckensee*, No. 20-15473, 2022 WL 522106 (9th Cir. Feb. 22, 2022). The Ninth Circuit concluded that Petitioner met the 28 U.S.C. § 2255(e) gateway by alleging actual innocence of the 18 U.S.C. § 3559(e) sentencing enhancement because his prior state conviction was not a categorical match for any of the enumerated federal crimes and he had lacked an unobstructed procedural shot to present the claim where at the time of his direct appeal and initial § 2255 motion, Seventh Circuit law foreclosed relief on his theory that his prior state conviction was broader than the enumerated federal offenses under § 3559(e). *Id.* The Ninth Circuit stated that, "[o]n remand, the Arizona district court may wish to order briefing on whether it has authority to resentence [Petitioner], or whether (and by what means) the case should be transferred to the Southern District of Illinois." *Id.* at 5-6. On April 18, 2022, the Ninth Circuit issued its mandate. (Doc. 21.)

This Court appointed Mr. Kaplan to represent Petitioner on remand and ordered the parties to file briefs concerning (a) whether this Court has authority to resentence Petitioner, and if not, (b) whether and by what means the case should be transferred to the sentencing court—the Southern District of Illinois. (Doc. 22.) Respondent urges the Court to transfer this case to the sentencing court for resentencing (Doc. 24), while Petitioner objects to transfer and urges this Court to resentence him (Doc. 25). The Court will grant

---

[4] *Mathis* held that a prior conviction for an enumerated offense in the Armed Career Criminal Act, such as burglary, did not qualify as the generic form of that enumerated offense, i.e., generic burglary under federal law, if an element of the asserted enumerated offense was broader than an element of the generic offense.

- 2 -

the writ as to Ground Two of the Petition and will transfer this case to the sentencing court to resentence Petitioner, as it is more familiar with the trial testimony and is better positioned to obtain an updated presentence report and to hear from the victims prior to resentencing.

**I.  Background**

Petitioner was charged in the United States District Court for the Southern District of Illinois with production of child pornography between January 1 and August 9, 2007, in violation of 18 U.S.C. § 2251(a), with a prior qualifying conviction[5] in violation of 18 U.S.C. § 2260A and 3559(e)(1) (count 1); possession of child pornography between January 7 and August 9, 2007, in violation of 18 U.S.C. § 2256(8)(A) (counts 2 and 3); receipt of child pornography on or about March 15, 2007, in violation of 18 U.S.C. § 2256(8) (count 4); and bank fraud between February 21 and March 30, 2007, in violation of 18 U.S.C. § 1344 (count 5). *United States v. Courtright*, No. 3:07-cr-30179 (S.D. Ill.), Doc. 67. A jury convicted Petitioner of all five counts. *Id.*, Doc. 115. On July 17, 2009, the trial court sentenced Petitioner to life in prison plus a consecutive 120 months on the production of child pornography count.[6] *Id.* Petitioner was sentenced to concurrent terms of imprisonment ranging from 240 to 480 months on the remaining counts. *Id.* Petitioner's life sentence was imposed pursuant to 18 U.S.C. § 3559(e), a sentencing enhancement based on Petitioner's prior Illinois state conviction for aggravated child sexual abuse. *Id.* On January 13, 2011, the Seventh Circuit Court of Appeals affirmed Petitioner's convictions on direct appeal. *United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011), *cert. denied*, 565 U.S. 901 (2011).

. . . .

---

[5] Specifically, Petitioner had previously been convicted of aggravated child sexual abuse in Illinois state court. *United States v. Courtright*, 632 F.3d 363, 366 (7th Cir. 2011).

[6] The ten-year consecutive sentence on that count was imposed pursuant to 18 U.S.C. § 2260A, which requires a consecutive ten-year prison sentence when a defendant who is required to register as a sex offender commits certain sex offenses involving a child victim. *Id.*

## A. Section 2255 Proceedings

On October 30, 2013, the trial court denied Petitioner's motion under 28 U.S.C. § 2255 and declined to grant a certificate of appealability ("COA"). *Courtright v. United States*, No. 12-cv-1078-DRH, 2013 WL 5835326 (S.D. Ill. Oct. 30, 2013). On September 9, 2014, the Seventh Circuit denied Petitioner's request for a COA. *Courtright v. United States*, No. 13-3668 (7th Cir. Sept. 9, 2014).

On June 23, 2016, the Supreme Court issued its decision in *United States v. Mathis*, 579 U.S. 500 (2016). On April 17, 2017, Petitioner filed an application to file a second or successive § 2255 motion in which he alleged a § 3559(e) claim, among others, but the Seventh Circuit denied and administratively closed the application pursuant to a restricted filer order. *Courtright v. United States*, No. 17-1796 (7th Cir. May 18, 2017).

## B. Section 2241 Proceedings

Petitioner, who was then incarcerated in the District of Arizona, properly filed his § 2241 Petition in this district. (Doc. 1.) In Ground Two of the Petition, Petitioner alleged that § 3559(e) was improperly applied to him because the elements of his prior state conviction for aggravated child sexual abuse did not match the elements of any "Federal sex offense" listed in § 3559(e). (*Id.* at 6-7.) That is, Petitioner alleged that he was wrongfully sentenced to life in prison pursuant to § 3559(e) based upon his prior Illinois conviction for aggravated child sexual abuse. (*Id.*) The Ninth Circuit agreed with Petitioner and remanded to this Court to grant the writ and to determine whether this case should be transferred to the sentencing court for resentencing or whether this Court may resentence Petitioner. *Courtright*, 2022 WL 522106, at *2.

## II. Discussion

### A. Issuance of the Writ Under § 2241

A motion to vacate pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence. 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Typically, a § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604

- 4 -

F.2d 9, 10 (5th Cir. 1979). A court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," § 2255's so-called safety valve or escape hatch. 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

As relevant here, in the Ninth Circuit, the § 2255 remedy is not inadequate or ineffective merely because the sentencing court has denied relief on the merits of a § 2255 motion, or because § 2255(h) prevents the petitioner from filing a second or successive § 2255 motion.[7] *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Tripati*, 843 F.2d at 1162. In the Ninth Circuit, the § 2255 remedy is inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In a decision issued the same week as this Court's order denying the Petition, the Ninth Circuit held that the actual innocence prong includes actual innocence of sentencing enhancements. *See Allen v. Ives*, 950 F.3d 1184, 1189-90 (9th Cir. 2020). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, courts consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The Ninth Circuit found that Petitioner satisfied both prongs. *Courtright*, 2022 WL 522106, at *2. He claimed actual innocence of the mandatory life sentence he received

---

[7] Under § 2255(h), the appropriate circuit court may authorize a second or successive § 2255 motion *only* if it is based upon newly discovered evidence or "a new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Petitioner seeks relief based upon *Mathis*, a rule of statutory interpretation, not constitutional law, and he thus could not meet the standard under § 2255(h).

- 5 -

1 under § 3559(e) because his prior Illinois state conviction was not a categorical match, after *Mathis*, for any of the enumerated federal crimes in § 3559(e). *Id.* at *1. The Ninth Circuit further found that Petitioner had lacked an unobstructed procedural shot at presenting his claim because "[a]t the time of his direct appeal and initial § 2255 motion, Seventh Circuit law foreclosed his theory that his state conviction was broader than the federal offenses enumerated in § 3559(e)." *Id.* Thus: "[u]nder then-existing precedent, the state statute would have been divisible, and Courtright's crime of conviction would have been a categorical match for at least one enumerated federal offense," but "the Supreme Court later rejected that approach to divisibility, giving Courtright a shot at his categorical match argument for the first time." *Id.* (quoting *Mathis*, 136 S. Ct. at 2248-49, as "holding that 'a statute that lists multiple, alternative means of satisfying one (or more) of its elements' is not divisible"). The Ninth Circuit therefore concluded that Petitioner was entitled to habeas corpus relief on Ground Two and remanded. *Id.* at 2-3. This Court, accordingly, will grant habeas corpus relief as to Ground Two. Next, the Court addresses whether the case should be transferred to the sentencing district for resentencing.

### B.    Resentencing

Petitioner argues this Court should resentence him, relying on 28 U.S.C. §§ 2241 and 2243. But neither § 2241—which requires that a petition be filed in the district in which a petitioner is confined—nor § 2243—which provides that a court "shall . . . dispose of the matter as law and justice require"—addresses which court should resentence a successful petitioner.

Respondent persuasively argues that it would be extremely unusual for a criminal defendant to be resentenced in a civil case to which the United States is not a party, and notes that the sentencing court has access to the full criminal record and, unlike this Court, can readily obtain an updated presentence report. Respondent cites three appellate decisions reflecting transfers to the sentencing districts following the grant of a writ by the district in which a petitioner was incarcerated. (Doc. 24 at 5-6 (citing *Guenther v. Marske*, 997 F.3d 735 (7th Cir. 2021); *United States v. Cox*, 766 F. App'x 423 (8th Cir. 2019);

- 6 -

*United States v. Rhodes*, 834 F. App'x 457, 460-62 (10th Cir. 2020)).)  Petitioner acknowledges that courts in the Ninth Circuit have transferred § 2241 cases to the original sentencing districts.  (Doc. 25 at 7-8 (citing *Lilly v. Rios*, No. 1:10-cv-01666-LJO-MJS-HC, 2011 WL 2433643 (E.D. Cal. June 14, 2011); *Hill v. Daniels*, No. Civ.05-1292-AA, 2005 WL 2249858 (D. Or. Sept. 14, 2005); *Conley v. Crabtree*, 14 F. Supp. 2d 1203 (D. Or. 1998)).)  For the reasons urged by the Government, the Court concludes that resentencing in the Southern District of Illinois is more appropriate than resentencing by this Court, which lacks access to the presentence report, the criminal case records, and the ready opportunity to hear from victims.  *See Conley*, 14 F. Supp. 2d at 1206 (noting sentencing court was more familiar with underlying proceedings); *Hill*, 2005 WL 2249858, at *2 (same).  Accordingly, the Court will transfer this case pursuant to 28 U.S.C. § 1404(a).[8]

Although not expressly discussed by the parties, the Court notes that sentencing courts, in some instances, have declined to resentence a petitioner following transfer from a § 2241 court.  *See e.g.*, *Rhodes*, 834 F. App'x at 460-62; *United States v. Brye*, 935 F. Supp. 2d 1319, 1323 n.6 (M.D. Fla. 2013); *United States v. Webster*, No. 4:94cr00121(1)-Y (N.D. Tex. May 26, 2021), Doc. 1217.  In light of that possibility, the Court will transfer this matter without prejudice to Petitioner reinstating the action in this Court or filing a new petition in any new district of confinement if the sentencing court denies or dismisses the petition for lack of jurisdiction.  *See Lilly*, 2011 WL 2433643, at *2.  However, the circumstances of this case do not appear to present a risk that the sentencing court would decline to resentence Petitioner based on the prevailing law of the circuit, as both the Ninth Circuit and the Seventh Circuit have held that a remedy under § 2255 is ineffective and

---

[8] 28 U.S.C. § 1404(a) allows a district court to transfer a civil action "to any other district or division where it might have been brought" for the convenience of the parties and witnesses and in the interest of justice.  The territorial-jurisdiction rule requires a § 2241 petitioner to file a petition in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 425, 443 (2004).  However, the Court finds that the Government has waived the territorial-jurisdiction rule by urging transfer to the Southern District of Illinois.  *See Lilly*, 2011 WL 2433643, at *2; *see also Rumsfeld*, 542 U.S. at 452 (Kennedy, J., concurring).

- 7 -

unavailable where a petitioner seeks relief following a Supreme Court decision involving statutory interpretation, such as *Mathis*, if relief had been foreclosed by circuit law at the time of the petitioner's direct appeal and first § 2255 motion. *Compare Courtright*, 2022 WL 522106, at *1 (§ 2255 inadequate and ineffective to grant relief based on *Mathis*), *with In Re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998) (§ 2255 inadequate and ineffective to grant relief based upon holding of *Bailey v. United States*, 516 U.S. 137 (1995) that "use" in 18 U.S.C. § 924(c) did not include mere possession).

Petitioner asks that the Court authorize him to file an interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 25 at 12.) He states that if the Ninth Circuit agrees with this Court, or declines to hear the appeal, this Court could suggest that Petitioner reconsider his opposition to transferring the case pursuant to 28 U.S.C. § 1404(a). (*Id.*) The Court declines to authorize an interlocutory appeal because an immediate appeal does not appear likely to materially advance the ultimate termination of this litigation. As discussed, the Court will transfer this matter to the Southern District of Illinois for resentencing.

**IT IS ORDERED**:

(1) Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is **granted** as to Ground Two and is otherwise **denied**.

(2) The Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must **transfer this matter to the Southern District of Illinois** for resentencing pursuant to issuance of the writ herein.

Dated this 30th day of May, 2023.

_____
Honorable Rosemary Márquez
United States District Judge